Bowen, J.
The defendant, by its charter, is authorized to construct and employ a road and bridges for purposes of private gain, and has power conferred on it to “perform every act necessary to construct them.” This authority and power emanated from the legislature, and are sanctioned by the constitution in force at' the time of the enactment. *The principal question involved in [17 the case is, whether the defendant can, in the exercise of its right to locate its road over private property, do anything more than to make a road-bed and bridges over which travelers may pass? We think that something more than this is implied, if not expressed, in the grant of its franchise. It is authorized, in terms, “to erect gates at both of the bridges over Duck creek and Little Muskingum, and demand and receive from persons passing either of said bridges, tolls,” etc. Section 11 of the charter, Local Laws, vol. 36, p. 167. incident to the power to demand and receive tolls, is the authority to appoint agents; to provide tenements in which to shelter them from the weather; and to furnish and prepare for them such facilities for transacting that peculiar business of the company, at the place where it is required to be done, as may .be requisite and proper. This right of occupying the sixty feet in width of the land of others, was conferred for that among other purposes. The construction of a toll-house and the digging of a well to furnish water to those who, from necessity, must occupy it, is within the plain intendment of the charter. Any other structure, within the *18, 19 ■.sixty feet, and essential to the carrying out of the object sought by the corporators, and consonant with their charter, may, as an unavoidable and legitimate incident of the powers given them, be, at the option of defendant, placed within its road limits.
But it is urged by counsel for plaintiff, that although this rule may, in the main, be sanctioned by authority, yet the plaintiff, before he was required to yield the possession of his land for a toll-house and well, was entitled to remuneration in damages, for such use of it; that the freeholders who determined his damages did not take into the account anything for the obstruction occasioned 18] by the *toll-house; that their judgment was based on the injury which would be likely to result to plaintiff from the location .and construction of the road and bridges alone.
There is nothing in the record which discloses the principies or the items on which the freeholders made uj) their award. The application of plaintiff to the county commissioners for the appoint-' ment of viewers, sets forth that the defendant “ had run its road through his land in a manner that was very injurious to his interests.” The order of appointment made by the commissioners, directed the'freeholders to assess damages to plaintiff for the running of defendant’s road through his land. These freeholders, whose services were thus procured by plaintiff, decided that his premises were rendered more valuable by the location of the road, and •consequently they refused to report for him any compensation in money. Whether this was a faithful proceeding and a just conclusion of the freeholders, in their estimate of the plaintiff’s damages, ■or whether they omitted to consider all of the detriment which might accrue to him by reason of the premises., we have no means of knowing, and if we possessed such knowledge, we could not, in this proceeding, be controlled by it. If the plaintiff was injured by the erroneous conclusions of the freeholders, he should, in an•other form, have relieved himself from the consequences of their mistakes. The defendant lawfully acquired a right to enter upon and occupy the sixty feot of plaintiff’s ground 'for its road and bridges. It acquired, as incidental thereto, and inseparable therefrom, the further right of improving the land for all of the purposes embraced within the object of its incorporation. While the ■defendant, therefore, does not, in the use and management of its road, go beyond its prescribed boundaries of sixty feet, but con-19] fines itself within *these limits, and its operations and doings *20 to wbat shall be strictly consistent with its creation, it will not be liable nor held to answer as a trespasser.
The judgment of the district court is affirmed.
Bartley, C. J., Swan, and Brinkerhoef, and Scott, J.J., concurred.